UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

SHAWN DICKEN,

        Plaintiff,               Case No. 1:20-cv-315

v.                                    Honorable Paul L. Maloney

JEREMY BUSH et al.,

        Defendants.
_____/

**ORDER OF TRANSFER**

        This is a civil rights action brought by a state prisoner, through counsel, under 42 U.S.C. § 1983. Plaintiff presently is incarcerated at the Women's Huron Valley Correctional Facility (WHV), located in Washtenaw County, Michigan. The actions about which she complains, however, occurred while she was temporarily at the Charles Egeler Reception & Guidance Center (RGC) and receiving dental treatment at RGC's Duane Waters Hospital (DWH), located in Jackson County, Michigan. Plaintiff sues RGC Warden Jeremy Bush, RGC Correctional Officer Unknown Party #1, and WHV Correctional Officers Unknown Wellman and Unknown Westbrook.

        Plaintiff alleges that, on November 8, 2018, she and two other female inmates were transported from WHV to DWH for medical appointments. Defendant Westbrook took the other two inmates to their medical appointments, and Defendant Wellman remained with Plaintiff. Defendant Wellman took Plaintiff to the oral surgeon's office and left her in the waiting area, unsupervised, where a male prisoner exposed himself and masturbated in her presence over a 30 to 40-minute period before and after her appointment.

Under the revised venue statute, venue in federal-question cases lies in the district in which any defendant resides or in which a substantial part of the events or omissions giving rise to the claim occurred.  28 U.S.C. § 1391(b).  The events giving rise to Plaintiff's action occurred at DWH, part of RGC, located in Jackson, Jackson County, Michigan.  Plaintiff resides at WHV, located in Washtenaw County, and Defendants are public officials serving at either WHV or RGC.  Defendants "reside" in those counties for purposes of venue over a suit challenging official acts.  *See Butterworth v. Hill*, 114 U.S. 128, 132 (1885); *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972).  Both Jackson and Washtenaw Counties are within the geographical boundaries of the Eastern District of Michigan.  28 U.S.C. § 102(a).   In these circumstances, venue is proper only in the Eastern District.  Therefore:

**IT IS ORDERED** that this case be transferred to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1406(a).  **It is noted that this Court has not decided Plaintiff's motion to proceed *in forma pauperis*, nor has the Court reviewed Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, or under 42 U.S.C. § 1997e(c).**

Dated:   April 21, 2020                              /s/ Ray Kent
                                                                Ray Kent
                                                                United States Magistrate Judge