UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWN KRISTI DICKEN,

      Plaintiff,

                                      Case No. 20-10991

v.

                                      Hon. George Caram Steeh

JEREMY BUSH, *et al.,*

      Defendants.

_____/

ORDER ADOPTING IN PART REPORT
AND RECOMMENDATION (ECF NO. 21)

On August 23, 2021, Magistrate Judge Elizabeth A. Stafford issued a

report and recommendation proposing that the court grant in part and deny

in part Defendants' motion for summary judgment and to dismiss.

Defendants filed timely objections on September 3, 2021, to which Plaintiff

responded. For the reasons explained below, the court adopts the

reasoning of the report and recommendation in part and agrees with the

magistrate judge's conclusion that Defendants' motion should be granted in

part and denied in part.

I.     Standard of Review

With respect to reports and recommendations from magistrate

judges, this court "shall make a de novo determination of those portions of

the report or specified proposed findings or recommendations to which

objection is made." 28 U.S.C. § 636(b)(1)(C).  The court "may accept, reject

or modify, in whole or in part, the findings or recommendations made by the

magistrate." *Id*.

II.     Discussion

Plaintiff Shawn Dicken is a female inmate in the custody of the

Michigan Department of Corrections ("MDOC"). Plaintiff alleges that

corrections officers violated her Eighth and Fourteenth Amendment rights

by leaving her in a waiting room unattended with a male inmate who was

convicted of criminal sexual conduct. While in the waiting room, the male

inmate allegedly exposed his genitals and masturbated for about 30

minutes while staring at her. Plaintiff states that there were no officers

supervising the waiting room during this time.

A. Exhaustion of Administrative Remedies

Defendants moved for summary judgment on the grounds that

Plaintiff failed to exhaust her administrative remedies as required by the

Prison Litigation Reform Act ("PLRA"). The parties agree that Plaintiff filed

a Step I grievance under the MDOC's general grievance procedure.

Plaintiff's grievance was addressed on the merits and denied. Defendants

assert that Plaintiff failed to appeal the denial to Step II or Step III and

therefore did not exhaust her available remedies. Defendants also state

that Plaintiff did not file a grievance under the separate sexual abuse

grievance process, pursuant to the Prison Rape Elimination Act ("PREA").

Plaintiff argued that she was not required to exhaust the PREA

process because it was unavailable to her and that she did exhaust the

general grievance process by submitting Step II and Step III appeals.

Plaintiff asserted that she has copies of her grievances, but she did not

attach them to her response brief.[1]

The magistrate judge concluded that because Plaintiff was grieving

sexual harassment, the appropriate grievance process was the PREA

process. The magistrate judge determined that rather than deciding

Plaintiff's grievance on the merits, the MDOC should have forwarded it to

the PREA coordinator. The magistrate judge also concluded that the PREA

process was unavailable to Plaintiff, relying on *John Does 8-10 v. Snyder*,

945 F.3d 951 (6th Cir. 2019)*.* With regard to the general grievance process,

the magistrate judge found that Defendants did not fulfill their burden of

demonstrating that Plaintiff failed to exhaust.

---

[1] Plaintiff later submitted copies of her grievances with her response to Defendants' objections, although the copies are of poor quality and not fully legible. ECF No. 23-2. This evidence was not before the magistrate judge and does not affect the court's analysis.

1. Objections 1-3

Defendants object to the magistrate judge's finding that the PREA grievance process should have applied and that it was unavailable to Plaintiff. The magistrate judge relied upon *Does 8-10*, in which the Sixth Circuit found that the MDOC's PREA process was unavailable. In that case, the court determined that the PREA grievance process applied to the plaintiffs' claims of sexual abuse and harassment, largely because the MDOC routed their grievances through that process. As a result of the MDOC's own treatment of the plaintiff's grievances as PREA grievances, the court rejected the MDOC's argument that the general grievance process should have applied.

Here, the MDOC did not treat Plaintiff's grievance as a PREA grievance or reject her grievance for filing it under the "wrong" process. Rather, it appears that the MDOC addressed Plaintiff's grievance on the merits under the "regular" grievance procedure. In considering the availability of administrative remedies, the court "generally treat[s] inmate complaints in the same way as prison officials have treated them." *Does 8-10*, 945 F.3d at 962. In other words, a plaintiff cannot be faulted for failing to utilize the PREA procedure if the MDOC does not require her to do so. But the MDOC is not arguing that Plaintiff failed to exhaust because she did

not use the "correct" PREA procedure; it is not trying to "trap" Plaintiff by addressing her grievance on the merits and then later claiming that she used the wrong procedure, as in *Does 8-10.* Instead, MDOC argues that Plaintiff failed to exhaust either of the procedures arguably available to her.

Under the circumstances, it is not clear to the court that the alleged unavailability of the PREA procedure is relevant, when both the Plaintiff and MDOC appear to have used the "regular" PLRA process and Plaintiff did not attempt to use the PREA process. A plaintiff must attempt to use an administrative process before the court considers whether it is unavailable. *See Napier v. Laurel Cty., Ky.*, 636 F.3d 218, 223 (6th Cir. 2011) ("The Sixth Circuit requires some affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable."). Plaintiff has not alleged that she attempted to use the PREA process here. Moreover, Plaintiff has not argued that the regular process was unavailable, and the Sixth Circuit has directed the court "to treat inmate complaints in the same way as prison officials have treated them." *Does 8-10*, 945 F.3d at 962.

Because the MDOC treated Plaintiff's grievance as a general PLRA grievance rather than a PREA grievance, the court will as well. Accordingly, the court declines to adopt the portion of the report and recommendation

that concludes that the PREA grievance process should have applied and

that it was unavailable to Plaintiff. (*See* ECF No. 21 at PageID 155-59).

   2.  Objection 4

   The court agrees, however, with the magistrate judge's conclusion

that Defendants did not meet their burden of demonstrating that Plaintiff

failed to exhaust her administrative remedies. Defendants assert that

Plaintiff did not appeal the denial of her Step I grievance to Step II or Step

III, and has provided documentation indicating that the MDOC does not

have a record any such appeal. ECF No. 17-4 at PageID 90. Plaintiff, on

the other hand, contends that she filed a Step II grievance on December

26, 2018, which was denied, and a Step III grievance on January 4, 2019,

to which she did not receive a response. ECF No. 18-2 at PageID 136.

   The magistrate judge found that these specific allegations were

sufficient to allow Plaintiff the opportunity to engage in discovery to

demonstrate exhaustion. This court agrees that there is a disputed issue of

fact with regard to whether Plaintiff exhausted her administrative remedies

and that summary judgment would be premature. *See* ECF No. 21 at

PageID 160-62; *Does 8-10*, 945 F.3d at 961 ("A district court should grant

summary judgment only if a defendant establishes that there is no genuine

dispute of material fact that the plaintiff failed to exhaust.").

Although Defendants now suggest that this court should order a

hearing to resolve the issue of exhaustion, they did not request such a

hearing in their motion papers and the magistrate judge did not have the

opportunity to consider it. The court leaves the determination of a discovery

schedule and other pretrial procedural matters to the discretion of the

magistrate judge, consistent with its order of reference. ECF No. 20.

B. Qualified Immunity – Objections 5-6

Defendants also object to the magistrate judge's finding that they are

not entitled to qualified immunity. Defendants argue that the law upon

which Plaintiff's claims are based is not clearly established because

Plaintiff has not cited a sufficiently factually similar case as precedent. The

magistrate judge determined that, without factual development beyond the

allegations in the complaint, the court "cannot assess whether the facts of

the case parallel a prior decision for determining whether a right is clearly

established." ECF No. 21 at PageID 168 (citing *Moderwell v. Cuyahoga*

*Cty., Ohio*, 997 F.3d 653, 660 (6th Cir. 2021)). As the Sixth Circuit recently

explained:

> Although a defendant's "entitlement to qualified immunity is
> a threshold question to be resolved at the earliest possible
> point, that point is usually summary judgment and not
> dismissal under Rule 12." *Wesley v. Campbell*, 779 F.3d
> 421, 433-34 (6th Cir. 2015) (cleaned up). "The reasoning
> for our general preference is straightforward: 'Absent any

7

> factual development beyond the allegations in a complaint,
> a court cannot fairly tell whether a case is "obvious" or
> "squarely governed" by precedent, which prevents us from
> determining whether the facts of this case parallel a prior
> decision or not' for purposes of determining whether a right
> is clearly established."

*Moderwell*, 997 F.3d at 660-61 (citations omitted). The court discerns no

basis to depart from the Sixth Circuit's "general preference" in this case and

agrees with the magistrate judge's analysis that Defendants are not entitled

to qualified immunity as a matter of law at this stage of the proceedings.

*See id.* at 662; ECF No. 21 at PageID 168-71.

   III.   Conclusion

       The court declines to adopt the portion of the report and

recommendation that concludes that the PREA grievance process should

have applied and that it was unavailable to Plaintiff. (ECF No. 21 at PageID

155-59). The court nonetheless agrees with the magistrate judge's

conclusion that a disputed issue of fact exists with respect to whether

Plaintiff exhausted her administrative remedies under the PLRA. The court

further agrees that, given the lack of factual development, a qualified

immunity determination is premature at this stage.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Magistrate Judge

Elizabeth Stafford's August 23, 2021 report and recommendation (ECF No.

21) is ADOPTED IN PART, consistent with this order.

IT IS FURTHER ORDERED that Defendants' motion for summary

judgment and to dismiss (ECF No. 17) is GRANTED IN PART and DENIED

IN PART, consistent with the magistrate judge's report and

recommendation.


Dated: September 24, 2021                              s/George Caram Steeh
                                                      George Caram Steeh
                                                      United States District Judge